IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSI BENITO M.A., | Civil No. 1:26-cv-04127-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN, *et al.*, | A# 220-882-834 |
| Respondents. | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jessi Benito M.A.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  He originally entered the United States in December 2021 by swimming across the Rio Grande near Hidalgo, Texas.  Dkt. No. 7-1, at pg. 2.  Shortly thereafter, Petitioner was detained by immigration officials, who issued him a Notice to Appear and subsequently released him on his own recognizance.  Dkt. No. 7, at pg. 1; Dkt. No. 7-2.  At that time, the government assessed that he was neither a flight risk nor a danger to the community.  The record reveals no reason to think otherwise today.  To this day, Petitioner has no criminal history.  And to this day, there is no final order of removal against him.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

But on March 19, 2026, Petitioner was swept up in an ICE enforcement operation targeted at a different individual.  *See* Dkt. No. 7-5, at pg. 2.  And without any notice, process, or explanation of why his circumstances might have changed, Petitioner was arrested by immigration authorities.  He has been in immigration detention ever since. And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

After reviewing the petition, the court concluded that its allegations suggested that Petitioner might have previously been granted by humanitarian parole by the government, potentially raising an issue previously addressed by district judges in many prior cases.  The court therefore issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" in which courts granted relief under similar circumstances, or to "dispute that Petitioner was previously released on parole" along with all of the documentation necessary for the court to resolve the petition.  Dkt. No. 6. The court thanks Respondents for their timely and candid response.  Dkt. No. 7.  In it, they clarify that Petitioner "was not previously granted humanitarian parole by the

government." Dkt. No. 7, at pg. 1. But they acknowledge that he was previously "released on an order of recognizance." *Id.*

Many district judges, both in this district and others, have granted petitions under similar circumstances. *See, e.g.*, *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, No. 1:26-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS (E.D. Cal. May 14, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions. And while Respondents maintain their position that Petitioner's arrest and detention was constitutional, they also concede that "[a]lthough Petitioner was not granted humanitarian parole, . . . the legal issues in the current case are like the legal issues this Court and other courts in this district [have] previously addressed." Dkt. No. 7, at pgs. 1-2.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Jessi Benito M.A. (A# 220-882-834) from their custody. Respondents shall not

impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  June 3, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-04127-MWJS; *Jessi Benito M.A. v. Warden,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

4